_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

LJW:2011R00287

MAR 1 4 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY

DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | )    **UNDER SEAL** |
| | ) |
| v. | )    **CRIMINAL NO.** JFM-13-0126 |
| | )    **(Wire fraud (18 U.S.C. § 1343;** |
| AARON G. SELTZER, | )    **Forfeiture)** |
| | ) |
| Defendant. | ) |
| | ) |

## INDICTMENT

### COUNTS 1-9
### (Wire Fraud)

The Grand Jury for the District of Maryland charges:

1. At all times relevant to this Indictment, Defendant **AARON G. SELTZER,** an attorney licensed in the State of Maryland. A9200t various times relevant to this Indictment, he maintained a business office at 1662 Village Greene, Crofton, Maryland and bank accounts at Branch Bank and Trust (BB&T) in Easton, Maryland and Bank of America in Baltimore, Maryland.

### The Scheme to Defraud

2. From in and around 2008 and continuing until in or around 2010 in the District of Maryland and elsewhere, the defendant,

### AARON G. SELTZER

and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money in excess of $747,860 and property by means of

1

false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud and attempting to do so did cause to be transmitted by means of wire communication in interstate commerce writings, signs, and signals.

### Object of the Scheme

3.    The object of the scheme was for defendant **SELZTER,** using his position as an attorney in Maryland handling real estate transactions, to divert funds from New York and Pennsylvania real estate investors for his personal use.

### Manner and Means

A.    Sale of Stake in Advanced Realty of Anne Arundel County to A.P.

4.    As part of the scheme to defraud, in January 2008, **SELTZER** offered to sell A.P., a real estate investor from Bethlehem, Pennsylvania, forty-five percent (45) percent of Advanced Realty of Anne Arundel, Inc., located in Glen Burnie, Maryland, for $85,000.

5.    As a further part of the scheme to defraud, **SELTZER** falsely represented to A.P. in an "Agreement to Transfer Stock" that he, **SELTZER,** was the current owner of "all stock of [Advanced Realty of Anne Arundel. Inc.] and all of its assets and liabilities" when in fact he was not. **SELTZER** was a co-owner of Advanced Realty with a licensed real estate broker, J.P.B., who owned fifty-one (51) percent of Advanced Realty.

6.    As a further part of the scheme to defraud, on or about January 4, 2008, **SELTZER** cashed a check from A.P. in the amount of $55,000 towards the purchase of 45 percent of Advanced Realty.

2

7.    As a further part of the scheme to defraud, in May 2008, **SELTZER** persuaded J.S., who owed a debt to A.P., to give **SELTZER** $30,000 in May 2008 towards the purchase of Advanced Realty.

8.    As a further part of the scheme to defraud, **SELTZER** represented to A.P. that A.P. owed **SELTZER** a late fee related to **SELTZER's** purported sale of forty-five (45) percent of Advanced Realty to A.P.  A.P. wired $7,000 to **SELTZER** to pay this late fee in July 2008.

9.    As a further part of the scheme to defraud, **SELTZER** diverted A.P.'s $92,000 to his own benefit.

B.    2317 Linden Avenue, Baltimore Maryland

10.   As a further part of the scheme to defraud, on or about September 11, 2008, **SELTZER** mortgaged a residential property at 2317 Linden Avenue, Baltimore, Maryland, for $70,000. **SELTZER** was the resident agent of 2317 Linden Avenue, LLC, which owned the property. The equity member in 2317 Linden Avenue, LLC was Baltimore Strategic Alliance, LLC, of Hanover, Maryland.  The property at 2317 Linden Avenue was purchased with funds from Baltimore Strategic.  Selzter was not authorized to mortgage the property.  **SELTZER** received $23,333.76 from the closing.

11.   It was a further part of the scheme to defraud that **SELTZER** diverted 2317 Linden Avenue, LLC's $23,333.76 to his own benefit.

C.    4004 Biddison Lane, Baltimore, Maryland

12.   As a part of the scheme to defraud, in May 2009, **SELTZER** approached B.K. an

3

attorney and real estate investor in New York and the managing member of Allied

Baltimore Development, LLC, a real estate investment company, and proposed that

Allied Baltimore purchase an apartment building at 4004 Biddison Lane in Baltimore,

Maryland.

13. As a further part of the scheme to defraud, **SELTZER** represented that he would put a

$55,000 downpayment on the Biddison Lane property on Allied Baltimore's behalf.

**SELTZER** obtained Allied Baltimore's permission to use $55,000 of Allied Baltimore's

funds for the downpayment.

14. As a further part of the scheme to defraud, **SELTZER** diverted Allied Baltimore's

$55,000 to his own benefit.

D.    Zota Petroleum Loan

15. As part of the scheme to defraud, in Summer 2009, **SELTZER** contacted L.H., a lawyer

from New York, and represented that a client of **SELTZER's**, Zota Petroleum, LLC, was

seeking a business loan. **SELTZER** proposed that the loan be secured by a mortgage on

three commercial properties located in the Commonwealth of Virginia that **SELTZER**

represented were owned by his client: 13101 Hull Street Road, Midlothian, VA, 13931

Hull Street Road, Midlothian, VA and 2515 Grafton Street, Clifton Forge, VA.

Subsequently, L.H. assembled a group of investors that formed a limited liability

company called Lenox Consulting Group, Ltd., ("Lenox") to fund the loan.

16. As a further part of the scheme to defraud, **SELTZER** presented L.H. with a promissory

note to Lenox that **SELTZER** falsely represented had been signed by an agent of Zota

4

Petroleum, LLC when **SELTZER** knew that an agent of Zota Petroleum LLC had not signed the Promissory Note.

17.     As a further part of the scheme to defraud, **SELTZER** falsely represented to L.H. that he, **SELTZER,** conducted a closing on October 9, 2009, for the Zota Petroleum loan.  No such closing occurred.

18.     As a further part of the scheme to defraud, **SELTZER** provided L.H. with fabricated closing documents.

19.     As a further part of the scheme to defraud, **SELTZER** instructed L.H. to wire the loan funds to an account in **SELTZER's** name at Branch Bank and Trust (BB&T) in Easton, Maryland.  On October 13, 2009, L.H. wired $497,527 to **SELTZER's** BB&T account on behalf of Lenox Consulting Group, Ltd. to fund the loan.

20.     As a further part of the scheme to defraud, **SELTZER** diverted Lenox Consulting Group's $497,527 to his own benefit.

E.     3800 Pascal Avenue, Baltimore, Maryland

21.     As a further part of the scheme to defraud, in January 2010 **SELTZER** approached L.H. and asked him for another loan this time in the amount of $35,000 to purchase an apartment building located at 3800 Pascal Avenue in Baltimore, Maryland,.  L.H. told **SELTZER** that he could not make a loan but could partner with **SELTZER** to purchase the property.

a.     As a further part of the scheme to defraud, **SELTZER** asked L.H. to wire $20,000 to him that he would use as a down payment on the Pascal Avenue property.  L.H.

5

wired $20,000 to an account in **SELTZER's** name on January 29, 2010.

b.    As a further part of the scheme to defraud, **SELTZER** provided L.H. with what purported to be a contract to purchase the 3800 Pascal Avenue property.  The contract contained the name of a fictitious lawyer, "Gary P. Pierce" who **SELTZER** purported represented the seller.

c.    As a further part of the scheme to defraud, **SELTZER** diverted L.H.'s $20,000 to his own benefit.

22.    As a further part of the scheme to defraud, in February 2010, **SELTZER** also approached Allied Baltimore Development, LLC's managing member B.K. and proposed that Allied Baltimore purchase the same property at 3800 Pascal Avenue in Baltimore, Maryland.

a.    As a further part of the scheme to defraud, **SELTZER** obtained Allied Baltimore permission to use $15,000 of Allied Baltimore's funds that were then in **SELTZER'S** possession as a  portion of a $22,500 downpayment on the Pascal Avenue property.

b.    As a further part of the scheme to defraud, on or about February 22, 2010, **SELTZER** obtained an additional $5,000 from A.R., a relative of B.K. and $2,500 from E.K.., B.K.'s wife, which was a loan to Allied Baltimore, to fully fund the downpayment on 3800 Pascal Avenue.

c.    As a further part of the scheme to defraud, **SELTZER** diverted Allied Baltimore's $22,500 to his own benefit.

6

23.    As a further part of the scheme to defraud, in March 2010, **SELTZER** approached I.B. and proposed that he and his real estate partners purchase 3800 Pascal Avenue in Baltimore, Maryland.

    a.    As a further part of the scheme to defraud, **SELTZER** asked I.B. to provide $7,500 to him that he would use as a down payment on the Pascal Avenue property. I.B. agreed to do so using funds from his father.

    b.    As a further part of the scheme, on or about March 18, 2010, **SELTZER** provided wiring instructions to an attorney working for I.B. and his partners. In the email directing the wire, **SELTZER** copied "Gary P. Pierce" whom he identified as the seller's attorney on the email. "Gary P. Pierce" is the same fictitious attorney he had represented to L.H. was the seller's attorney.

    c.    As a further part of the scheme to defraud, **SELTZER** diverted I.B.'s father's $7,500 to his own benefit.

    F.    4000 Liberty Heights Avenue, Baltimore, Maryland

24.    As a part of the scheme to defraud, in March 2010, **SELTZER** approached a group of real estate investors, including I.B. and L.R., both of whom resided in New York, and proposed that they purchase an apartment building at 4000 Liberty Heights Avenue in Baltimore.

25.    As a further part of the scheme to defraud, **SELTZER** represented that he would put a $30,000 downpayment on the Liberty Heights property on behalf of the investors. L.R. provided **SELTZER** with $30,000 for this purpose.

26.   As a further part of the scheme to defraud, **SELTZER** instructed I.B. to deposit the downpayment into an account that **SELTZER** falsely represented was the seller's escrow account. The account at BB&T bank, ending with number 3176, actually belonged to Death Star LLC, an entity owned and controlled by **SELTZER**.

27.   As a further part of the scheme to defraud, when I.B. asked **SELZTER** to return the downpayment, **SELTZER** told I.B. it was in the seller's escrow account and provided I.B. with a bank statement that **SELTZER** represented was from the seller's escrow account. The statement was in fact counterfeit. Instead of saying "Death Staff LLC" the account's true owner, the statement listed "Advanced Realty Com, LLC" as the account's owner.

27.   As a further part of the scheme to defraud, **SELTZER** provided I.B. with what purported to be a contract to purchase the 4000 Liberty Heights Avenue property. The contract contained the name of a fictitious lawyer, "Gary P. Pierce" who **SELTZER** purported represented the seller.

28.   As a further part of the scheme to defraud, **SELTZER** diverted L.R.'s $30,000 to his own benefit.

### The Charges

29.   On or about the dates shown below, in the District of Maryland, the defendant, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and material omissions.

30.   For the purpose of executing the scheme and artifice to defraud, the defendants did

8

knowingly transmit and cause to be transmitted in interstate commerce, by means of a

wire communication, certain signs, signals and sounds as set forth in the Counts below:

| COUNT | TRANSACTION | DATE | ITEM |
|---|---|---|---|
| 1 | Advanced Realty of Anne Arundel County | 7/10/2008 | an electronic funds transfer from Lex investors account at Embassy Bank for the Lehigh Valley in Pennsylvania in the amount of $7,000 to the account of Aaron G. **SELTZER** at BB&T in Easton, Maryland |
| 2 | 2317 Linden Avenue, Baltimore Maryland | 9/12/2008 | an electronic funds transfer from King Title Company to **SELTZER's** BB&T account in the amount of $23,333.76 for the benefit of Linden Avenue, LLC |
| 3 | 4004 Biddison Land, Baltimore Maryland | 4/29/2009 | an  electronic funds transfer from Druid Height's Development Corporation's account at Wachovia Bank, Pittsburgh, PA, in the amount of $164,992.11 to the account of Aaron G. **SELTZER** at BB&T in Easton, Maryland |
| 4 | Zota Petroleum Loan | 10/13/2009 | an electronic funds transfer from L.H.'s law firm's account at Chase bank, New York, New York, to the account of Aaron G. **SELTZER** at BB&T in Easton, Maryland in the amount of $497,527. |
| 5 | 3800 Pascal Avenue, Baltimore, Maryland | 1/29/2010 | an electronic funds transfer from L.H.'s law firm account at Chase bank, New York, New York, to the account of Aaron G. **SELTZER** at BB&T in Easton, Maryland in the amount of $20,000. |
| 6 | 3800 Pascal Avenue, Baltimore, Maryland | 2/22/2010 | an electronic funds transfer from A.R.'s account at JP Morgan Chase Bank in New York to the account of Aaron G. **SELTZER** at BB&T in Easton, Maryland in the amount of $5,000. |

| COUNT | TRANSACTION | DATE | ITEM |
|---|---|---|---|
| 7 | 3800 Pascal Avenue, Baltimore, Maryland | 2/22/2010 | an electronic funds transfer from E.K.'s account at Capital One Bank in New York to the account of Aaron G. **SELTZER** at BB&T in Easton, Maryland in the amount of $2,500. |
| 8 | 4000 Liberty Heights, Baltimore Maryland | 3/31/2010 | an electronic funds transfer from Real Estate Title and Escrow LLC's account at M&T Bank in Buffalo, New York, in the amount of $12,500 to Death Star LLC's BB&T Account ending with the number 3176 in Hyattsville, Maryland |
| 9 | 4000 Liberty Heights, Baltimore Maryland | 4/16/2010 | an electronic funds transfer from L.R.'s JP Morgan Chase account in Amityville, New York, in the amount of $10,000 to Death Star, LLC's BB&T Account ending with the number 3176 in Hyattsville, Maryland |

18 U.S.C. § 1343

## FORFEITURE ALLEGATIONS

As a result of the offenses set forth in Counts 1-9, the defendant,

### AARON G. SELTZER

shall forfeit to the United States all property constituting, or derived from, any proceeds obtained,

directly or indirectly, as a result of that offense, and all property traceable to such property,

including but not limited to $747,860 and all interest and proceeds traceable thereto.

## SUBSTITUTE ASSETS

If any of the $747,860 described above as being subject to forfeiture, as a result of any act

or omission of the defendant,

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code Section 853(p) to

seek forfeiture of any other property of the defendant up to the value of the property charged with

forfeiture above.

28 U.S.C. § 2461(c);
18 U.S.C. § 981(a)(1)(c);
18 U.S.C. § 1956(c)(7); and
18 U.S.C. § 1961(1)


ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

3/14/2013
DATE

12